UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LORENA VIEYRA,<br><br>　　　　　　　　　　Defendant. | Case No.:  3:23-cr-00635-JES<br><br>**JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF Nos. 47, 57]** |

　　　Before the Court is Defendant Lorena Vieyra's ("Defendant" or "Vieyra") Motion for Compassionate Release, detailing that her mother has been under constant physical, mental, and emotional stress and finds it increasingly difficult to care for her own physical health along with the caretaking needs of her physically and mentally disabled son and nine minor grandchildren, five of whom belong to Ms. Vieyra. ECF Nos. 47, 57. The Government opposes. ECF No. 62. For the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I.  BACKGROUND

On November 17, 2023, this Court sentenced Defendant to twenty months in custody to run concurrent for importing 2.3 kilograms of fentanyl and 3.18 kilograms of cocaine. ECF 45. At the time she committed the offenses, Defendant was a lifelong resident of San Diego County, was thirty-four years old and the mother of five minor children. PSR ¶ 35. Defendant is currently placed at a halfway house and is gainfully employed, working full-time. ECF No. 63. At the time of her sentencing, Defendant was in full compliance with the conditions of her pretrial release and was allowed to self-surrender to serve her sentence, which she did on January 22, 2024, as ordered. ECF No. 46. As of the date of this order, Defendant has served eleven months of her twenty-month sentence.

While Defendant has been in federal custody, her mother, Lorena Pantoja Vieyra ("Lorena"), is the caregiver for her five minor children. ECF Nos. 47, 57. Lorena is also the caregiver for four other minor grandchildren and her adult son, Fidel, who is both physically and mentally disabled and uses a wheelchair. *Id*. The grandchildren are between the ages of four months old and seventeen. *Id*. Fidel is nonverbal and wears diapers requiring Lorena to physically lift and transfer him from his wheelchair throughout the day. *Id*.

During the summer of 2024, Lorena suffered two heart attacks, which decreased her heat function from 100% to 60% and she also suffers from a painful sciatic nerve and was recently diagnosed with a herniated disc. *Id*. She is unable to stand or walk for more than ten minutes. *Id*. The physical and financial burden has taken its toll on Lorena, and she has been unable to receive medical treatment for her deteriorating health because of the lack of financial resources and lack of another caregiver for Fidel and Defendant's minor children. *Id*. Lorena is currently $310,000 in debt due to her recent health problems and is struggling to support and provide for herself, Fidel, and nine minor grandchildren. *Id*. Defendant is requesting compassionate release so she can return to the home and assist with the care of her five minor children and help her mother and brother with their health issues. *Id*.
/ / /

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court, may in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)]" if the Court finds, as relevant her, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that she is eligible for compassionate release. *United States v. Holden*, 452 F.Supp.3d 964, 966 (D. Or. 2020).

The Sentencing Commission has recently passed guidance as to when "extraordinary and compelling reasons" exist for compassionate release. U.S.S.G. § 1B1.13(b). Such circumstances include, among others: (1) the medical circumstances of the defendant, (2) the advanced age of the defendant resulting in "a serious deterioration in physical or mental health," (3) "[t]he death or incapacitation of the caregiver of the defendant's minor child," (4) the defendant, while in custody was the victim of sexual or physical abuse, or (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id*.

## III. DISCUSSION

In the instant case, the Court finds the third and fifth circumstances applicable to Defendant's situation. Although Defendant's mother is not truly incapacitated, she is

unable to care for her adult physical and mentally disabled son, along with her nine minor grandchildren, which includes Defendant's five minor children. Additionally, Lorena's own physical health is rapidly deteriorating. She suffered two heart attacks during the summer of 2024, which decreased her heart function from 100% to 60% and also suffers from a painful sciatic nerve and a herniated disc. ECF No. 57. She is unable to stand or walk for more than ten minutes, despite having to care for two newborn grandchildren and having to physically lift and transfer her adult son from his wheelchair throughout the day. *Id*. Further, Lorena has forsaken her own health, imperiling her life, and has not returned to the cardiologist since she is afraid of incurring additional costs and because she has no one to care for her son or youngest grandchildren. *Id*. Not to mention the financial burden this has created, forcing Defendant's oldest minor son into a caretaking role because of his grandmother's health and his aunt's work schedule. *Id*. This unique combination of circumstances is "extraordinary and compelling" and supports Defendant's request for release.

When considering the section 3553(a) factors, the Court notes that Defendant was completely compliant with the conditions of her pretrial release, that she self-surrendered when ordered to do so, that she has no prior criminal record, and that she is currently gainfully employed and living in a halfway house. ECF No. 57. Further, according to the BOP, Defendant has been placed at a "minimum risk recidivism level," had no disciplinary history while in custody, completed the Non-Residential Drug Abuse Program, and has taken numerous classes to improve herself to be a better member of society when she is released out into the community. *Id*.; Exhibit F, Exhibit G, Exhibit I, Exhibit J. Although the offense was serious and Defendant transported a deadly controlled substance into this country, and eleven months may not completely reflect the seriousness of the offense, the Court finds eleven months in custody, particularity given her mother's health and limitations to care for Defendant's minor children, provides adequate deterrence to criminal conduct and provides just punishment for the offense. Additionally, Defendant's release date from the halfway house is currently set for February 22, 2025, so an early

release is just over one month prior to her originally scheduled release date. The Court finds it is unlikely Defendant is likely to commit further crimes in the future.

## IV.    CONCLUSION

For the reasons stated above, the Court concludes that extraordinary and compelling reasons exist for Defendant's release and that the § 3553(a) factors do not provide a barrier for such release. Accordingly, the Court **GRANTS** Defendant's Motion. The Court reduces Defendant's sentence to a timed served sentence and **ORDERS** that she be immediately released from custody. Defendant shall remain on Supervised Release for a term of three years commencing on the date of her release as provided in her original sentence and the Court adopts all of the Standard, Mandatory, and Special Conditions imposed at the time of her sentencing. Defendant is ordered to report to Probation within 72 hours of her release from custody to review with Probation the conditions of her release.

**IT IS SO ORDERED**.

Dated: January 13, 2025

Honorable James E. Simmons Jr.
United States District Judge